UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE J. ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.   1:02-CV-386 |
| ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF DECISION AND ORDER

This matter is before the court on Defendant Wal-Mart's Motion to Dismiss its Counterclaim Without Prejudice and on Plaintiff Eddie Arrington's (hereinafter "Arrington") Motion to Reconsider.[1]  Wal-Mart filed its motion to dismiss on January 3, 2005, and Arrington filed his response on March 22, 2005.  Wal-Mart then filed its reply on April 6, 2005.  Arrington filed his motion to reconsider on March 2, 2005, and Wal-Mart filed its response on March 17, 2005.  Arrington then filed his reply on April 1, 2005.  For the following reasons, Arrington's Motion to Reconsider will be DENIED and Wal-Mart's Motion to Dismiss will be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are well-detailed in this court's Memorandum of Decision and Order of November 24, 2004 and are incorporate herein.  (*See* Docket #91).  In that order, this court granted summary judgment in favor of Wal-Mart on all of Arrington's claims but did not address Wal-Mart's counterclaim.  Arrington appealed this court's decision to the Seventh

---

[1] Arrington did not file a formal motion but submitted to this court a letter which was deemed a motion to reconsider by its language.

1

Circuit Court of Appeals, who dismissed his appeal as untimely. (*See* Docket #106). This court then reopened the case and vacated the Clerk's Judgment to address the two motions presently before it. (*See* Docket #108).

**DISCUSSION**

**1. Motion to Reconsider**

In his motion to reconsider, Arrington contends that Wal-Mart obstructed justice by not showing the video surveillance tape in its entirety "during the deposition hearings" and that Wal-Mart entered "false testimony" to supports its position. (*See* Arrington's Motion to Reconsider, p. 1). Wal-Mart assert that Arrington is simply reiterating previous arguments as well as misrepresenting facts already considered by this court in its November 24, 2004 order. Wal-Mart further argues that Arrington does not present any new evidence that would warrant this court's reconsideration of its order. (*See* Wal-Mart's Response Brief, p. 2-3). In his reply, Arrington adds that the video surveillance tape shows that one of Wal-Mart's supervisors stole money from the cash register, which was then attributed to Arrington and led to his termination. (*See* Arrington's Reply Brief, p. 2).

Motions for reconsideration serve the limited function of either correcting manifest errors of law or presenting newly-discovered evidence. *Publishers Res. Inc. v. Walker-Davis Pub., Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, No. 95 C 4875, 1996 U.S. Dist. LEXIS 7766, *4-5 (N.D. Ill. June 3, 1996). Motions to reconsider are not at the disposal of parties who want to "rehash" the same arguments. *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988). A motion for reconsideration is appropriate only when:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court.  Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).  Court orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy*, 123 F.R.D. at 288.

Arrington's motion does not present a manifest error of law by this court nor does it present any new evidence.  In fact, Arrington admits that his motion is "based on evidence that was misrepresented," (*see* Arrington's Motion to Reconsider, p. 1) and admits in his reply brief that his motion is based "on misleading record facts."  (*See* Arrington's Reply Brief, p. 1).  Nothing new is presented as Arrington's arguments are simply a rehash of those presented in opposition to Wal-Mart's Motion for Summary Judgment.  Accordingly, Arrington fails to raise any issues that is proper in a motion to reconsider.

Even if this Court were to take everything Arrington raises in his motion as truth, it would not change this Court's decision to grant summary judgment in favor of Wal-Mart.  As this court has already stated, Arrington has not produced one piece of evidence that shows Wal-Mart terminated him because he is an African-American or in retaliation for filing his suit and he provides no new evidence in his Motion to Reconsider on these points.  As such, his Motion to Reconsider will be DENIED.

**2. Motion to Dismiss Without Prejudice**

In its motion, Wal-Mart seeks to dismiss without prejudice its counterclaim against Arrington, which sought to recover the alleged absconded funds under a theory of conversion and then would allow an offset for any damages recovered by Arrington.  (*See* Wal-Mart's Motion to Dismiss, p. 1).  Since this court has granted summary judgment in favor of Wal-Mart, the defendant states that there is no need to pursue the counterclaim as Arrington did not prevail.  *Id.* at 2.

Curiously, Arrington objects to Wal-Mart's motion to dismiss and requests that this court not "dismiss Defendant's counterclaim since it arose out of his claims, and the claims have been reopened."  (*See* Arrington's Response Brief, p. 2).  Arrington further contends that this court has "vacated its decision, and reopened the case" and therefore this court should remand his claims and Wal-Mart's counterclaim for trial.  *Id.*

Obviously, Arrington misunderstands this court's order vacating the Clerk's Judgment and reopening the case.  He mistakenly believes that this Court vacated its November 24, 2004 order granting summary judgment in favor of Wal-Mart and that by opposing Wal-Mart's motion to dismiss, both his claims and Wal-Mart's counterclaim will proceed to trial.  That is simply not the case.  The order vacating the Clerk's Judgment simply reopened the case to consider Wal-Mart's motion to dismiss and Arrington's motion to reconsider.  It by no means vacates this court's November 24, 2004 decision.  Now that this court has considered and denied Arrington's motion to reconsider, the court finds Wal-Mart's Motion to Dismiss its Counterclaim Without Prejudice well taken and therefore GRANTS the same.

## CONCLUSION

Based on the foregoing, Arrington's Motion to Reconsider is DENIED and Wal-Mart's Motion to Dismiss its Counterclaim Without Prejudice is GRANTED. Now that all issues surrounding this case are resolved, the Clerk is directed to enter Judgment in favor of Defendant Wal-Mart and against Plaintiff Arrington.

SO ORDERED this 21st day of April, 2005.

                                                s/William C. Lee
                                                Hon. William C. Lee, Judge
                                                United States District Court
                                                Northern District of Indiana