UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 1:02-CV-386 |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Strike filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") on November 29, 2005. The Plaintiff, Eddie Arrington ("Arrington") filed a response to the motion on January 9, 2006.[1] On January 18, 2006, Arrington also filed a motion requesting a form of relief, which was docketed as a Motion Requesting Court to Request Two Videotapes From MHRC.[2] For the reasons set forth herein, Wal-Mart's motion is DENIED as moot and Arrington's motion is DENIED due to the court's lack of jurisdiction.

**DISCUSSION**

As the cause number assigned to this case reveals, it was originally filed in 2002 (the "02" designation in the case number represents the year the case was filed in this court). In his original Complaint, Arrington asserted a claim against Wal-Mart for race discrimination. By way of an Order issued on November 24, 2004, this court granted summary judgment in favor of

---

[1] Arrington is proceeding *pro se*. The response he filed on January 9, 2006, was entitled "Motion Not to Strike Supplemental Evidence." Despite the fact that he titled it a motion, it is clearly intended as a response in opposition to Wal-Mart's motion to strike.

[2] Wal-Mart did not file a response to this motion, properly concluding, no doubt, that no response was necessary.

Wal-Mart on Arrington's claim. Memorandum of Decision and Order, Docket at 91. Arrington filed a notice of appeal of that Order on December 13, 2004. However, as a counterclaim by Wal-Mart was still pending at the time, the Seventh Circuit Court of Appeals dismissed the appeal as premature.

When this court issued its written opinion granting summary judgment in favor of Wal-Mart, the Clerk of the Court mistakenly terminated the entire case, although no ruling had been issued on Wal-Mart's counterclaim. On March 2, 2005, the court issued an Order reopening the case. In that same Order, the court noted that Arrington had filed a letter in the case, which the court interpreted as a motion for reconsideration of the court's Order of November 24, 2004. Then, on April 21, 2005, the court issued another Memorandum of Decision and Order, this time denying Arrington's motion for reconsideration and granting a motion by Wal-Mart seeking to dismiss its counterclaim without prejudice. Docket at 114. On that same date, all issues in the case were fully resolved and the case was terminated. On May 19, 2005, Arrington filed another notice of appeal. As of the date of this Order, the case remains on appeal at the Seventh Circuit.

Notwithstanding the pending appeal, Arrington continued filing documents in this court. On November 10 and 18, 2005, Arrington filed what he titled "Supplemental Evidence." This supplemental evidence consisted of a videotape, a CD, and written documents. Docket at 120, 121 and 122. In response to those filings, Wal-Mart filed the current motion to strike, arguing that since this case is pending before the court of appeals, the "supplemental evidence" filed by Arrington should be stricken.

The fact that Arrington filed a timely notice of appeal on May 19, 2005, renders his subsequent filings in this court problematic. "'The filing of a notice of appeal is an event of

jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Wisconsin Mut. Ins. Co. v. United States*, 2006 WL 688975 * 1 (7th Cir., March 20, 2006) (quoting *Griggs v. Provident Consumer Discount Co. .,* 459 U.S. 56, 58, 103 S.Ct. 400 (1982)).  The "supplemental evidence" Arrington filed with this court after the filing of his notice of appeal all pertain, at least according to him, to his claim of race discrimination.  That is, Arrington maintains that this "supplemental evidence" is relevant to the merits of his claim.  Since his claim is now before the Seventh Circuit Court of Appeals, this court is without jurisdiction to rule on them one way or another.  This assumes, of course, that there would be anything to rule on in the first place.  Arrington did not file any type of motion when he filed this "supplemental evidence."  Had this "evidence" been accompanied by (for example) a motion for relief from judgment pursuant to Fed.R.Civ.P 60(b), and had Arrington *not* filed a notice of appeal, then the court could assess and rule on such a motion on its merits.  But that is not the case here.  The notice of appeal filed by Arrington has divested this court of jurisdiction over this case or, as the Seventh Circuit explained in *Wisconsin Mut. Ins.*, over "aspects of the case involved in the appeal."  Since Arrington believes that the "supplemental evidence" he has filed supports his claims against Wal-Mart, this court cannot issue any ruling with regard to those filings at this point.[3]  As a

---

[3] If Arrington contends or believes that these filings relate to, or should be a part of, his pending appeal, then they should have been filed with the appellate court or incorporated into his appellate brief or supplement, assuming he can identify a Federal Rule of Appellate Procedure that would permit him to do so if they are not already a part of the record.  This would appear to be the case.  In one of his filings, Arrington states as follows: "Comes now I the plaintiff do submit these documents for the courts of appeal viewing."  Docket at 121, p. 1.  A second filing contains a caption that reads: "United States Court of Appeals for the Seventh Circuit, Chicago, Illinois," even though the filing was made in this court.

result of all this, Arrington's filings are hereby, *sua sponte*, STRICKEN from the record.

The motion to strike filed by Wal-Mart is therefore moot. While the merits and arguments in the motion are well-taken, they are rendered inapplicable and/or unnecessary for the reasons discussed above.[4]

As for Arrington's motion, he asks this court to request or order the Metropolitan Human Relations Commission ("MHRC") in Fort Wayne, Indiana, to release some videotapes to him or to the court. Plaintiff's Motion, Docket at 127. The Human Relations Commission is the agency that received and investigated Arrington's original Charge of Discrimination against Wal-Mart. The legal basis or legal argument for Arrington's request is not clear.[5] He merely states that the MHRC is in possession of videotapes which he claims support his claim of race discrimination. *Id.*, p. 1. In any event, it does not matter. Once again, this court is without jurisdiction to entertain the motion. If the motion was one requesting some sort of relief that did not relate to any issues in the case–a motion to correct a scrivener's error in a court judgment, or seeking some relief from an interlocutory order–then this court would still have jurisdiction. *See Wisconsin Mut. Ins., supra.* Since that is not the case with Arrington's motion, it must be denied for lack of jurisdiction.

---

[4] Wal-Mart's counsel presumably (and understandably) felt it necessary to respond in some way to Arrington's filings. It is common for *pro se* plaintiffs to file various motions, pleadings, and other documents that are procedurally defective or even meritless. In such instances, defense counsel must decide when and if it is necessary to file any response, either to protect the defendant's interests, ensure that the record is complete if future litigation is necessary, or both.

[5] Attached to Arrington's motion is a copy of a letter written to him by the MHRC. The letter indicates that Arrington made a Freedom of Information Act Request on MHRC seeking to obtain the videotapes. That request was denied because MHRC stated that the items Arrington sought were "confidential pursuant to federal law." Docket at 127, p. 2.

## CONCLUSION

For the reasons set forth herein, the "supplemental evidence" filed by Plaintiff Eddie Arrington at Docket entries 120, 121 and 122 are STRICKEN; the Motion to Strike file by Defendant Wal-Mart Stores, Inc., is DENIED AS MOOT; and the Motion Requesting Court to Request Two Videotapes From MHRC is DENIED for lack of jurisdiction.

Dated: March 24, 2006

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana